UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
AKEMA GOODEN,

                              Plaintiff,

        -against-
                                                        **REPORT &**
                                                        **RECOMMENDATION**
                                                        16-CV-5819 (JMA)(AYS)

MATTHEW MCGEE, and
SAMMY SALEH,


                              Defendants.
---------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

        On October 11, 2016, pro se plaintiff, Akema Gooden ("Plaintiff"), commenced this

action pursuant to 42 U.S.C. §1983 against Police Detectives Matthew McGee and Sammy Saleh

(collectively "Defendants"), alleging, inter alia, that Defendants engaged in excessive force as

well as malicious prosecution in connection with Plaintiff's arrest and subsequent conviction.

        On June 22, 2018, Defendants moved to dismiss this case for failure to prosecute

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. DE [19]. For the reasons set forth

below, and, in particular, the fact that Defendants will be prejudiced by Plaintiff's protracted lack

of any involvement in this matter, this Court respectfully recommends that Defendants' motion

be granted and this action be dismissed for failure to prosecute.

                              BACKGROUND

        Plaintiff commenced this action on October 11, 2016.  See Compl., Docket Entry ("DE")

[1].  On January 21, 2017, Plaintiff was granted leave to proceed in forma pauperis. See DE [7].

On May 22, 2017, Defendants filed their Answer to the Complaint. See DE [9]. An Initial

Conference was held on July 13, 2017 at which a discovery schedule was agreed upon and further ordered by this Court. See DE [13], [14]. Plaintiff updated his address with the Court on December 8, 2017.  DE [16].

On April 16, 2018, Defendants requested an extension of time to file the pre-trial order citing Plaintiff's failure to comply with the Court ordered Discovery Schedule as the reason for being unable to meet the deadline. See DE [17].  Defendants' request was granted and an amended discovery schedule was issued by this Court. See Electronic Order dated 4/18/2018. Additionally, this Court cautioned Plaintiff that is was "his responsibility to update his address with Court" and that his "continued failure to communicate with this Court and comply with the Discovery Schedule may result in a recommendation to the District Court that this case be dismissed for failure to prosecute." Id.

As a result of Plaintiff's continued non-compliance, Defendants filed the instant application on June 22, 2018, seeking to dismiss the matter due to Plaintiff's failure to prosecute the action. See DE [19].

DISCUSSION

It is well-settled that "[t]he district court [] has the power under [Rule] 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute."  Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995); see also Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993) ("A district court may, sua sponte, dismiss an action for lack of prosecution pursuant to Fed. R. Civ. P. 41(b)").  "Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding pro se, fails to comply with legitimate court directives."  Robinson v. Sposato, No. 13-CV-3334,

2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014) (internal quotation marks and citations omitted).

When considering a "dismissal for failure to prosecute [or] dismissal pursuant to [Rule] 41(b) for failure to comply with an order of the court," a court principally examines the following factors:

- the duration of plaintiff's failures or non-compliance;
- whether plaintiff had notice that such conduct would result in dismissal;
- whether prejudice to the defendant is likely to result;
- whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and
- whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp., 222 F.3d 52, 62-63 (2d Cir. 2000); see also Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).  Generally, "no one factor is dispositive."  Lewis, 564 F.3d at 576 (quoting U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 253 (2d Cir. 2004)); Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994); Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993) ("[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge and the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.") (internal quotation marks and citation omitted).

Here, the pertinent factors weigh in favor of dismissal of this action.  As discussed above, Plaintiff has repeatedly failed to comply with this Court's orders.  Plaintiff has failed to communicate with this Court in any way over the past year. Additionally, Plaintiff has been specifically warned that failure to comply with this Court's orders may result in a recommendation to the District Court that this action be dismissed for failure to prosecute.  See

Electronic Order dated 4/18/2018. Although Plaintiff has been given multiple opportunities to communicate with this Court, he has remained silent.

At this time, the Court and Defendants are unable to communicate with Plaintiff. Plaintiff's failure to follow Court directives and his lack of prosecution has an adverse impact not only on the Court's calendar, but also on the Defendants, who already bear the costs and burdens incidental to defending civil litigation.  See Southerland v. City of New York, 681 F.3d 122, 137 (2d Cir. 2012) (Jacobs, C.J. dissenting) ("An individual defendant has at stake his savings, his pension, the equity in his home, the kids' college fund").  This delay is unnecessary, unfair, and has impeded the Defendants' ability to marshal an effective defense.  As the Second Circuit has recognized, "prejudice resulting from unreasonable delay may be presumed as a matter of law." Peart, 992 F.2d at 462 (citation omitted).

In view of the foregoing lack of activity in this matter, it is respectfully recommended that the District Court enter an order dismissing this case for failure to prosecute.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss for lack of prosecution be granted and this action be dismissed, with prejudice, pursuant to Rule 41(b).

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Further, a copy of the Report and Recommendation will be mailed to Plaintiff's last known address.  Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing

objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").


Dated: Central Islip, New York
       December 14, 2018

                                  /s/ Anne Y. Shields
                                  ANNE Y. SHIELDS
                                  United States Magistrate Judge